UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Great American Insurance Companies,

Plaintiff,

v.

Charles U. Brantner, Brantner Farms, Inc., Lee B. Garner, and Arlene E. Garner,

Defendants.

Civ. File No. 01-794 (PAM/RLE)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Motion to Dismiss filed by Defendants Charles U. Brantner and Brantner Farms, Inc.[1] Defendants contend that this Court lacks subject matter jurisdiction over the litigation because the amount in controversy is less than $75,000. For the reasons that follow, the Court grants the Motion to Dismiss.

**BACKGROUND**

Defendant Charles U. Brantner ("Brantner") is insured under an insurance policy issued by Agricultural Insurance Company, one of the insurance companies that makes up the insurance group known as Plaintiff Great American Insurance Company ("Great American"). Brantner brought suit against Defendants Lee B. Garner and Arlene E. Garner (the "Garners") in Minnesota state court, and the Garners counterclaimed against Brantner.

---

[1] Defendants caption their Motion as a Motion for Summary Judgment. Although the Motion papers state that the Motion is brought pursuant to Fed. R. Civ. P. 56, the Motion is actually governed by Fed. R. Civ. P. 12(b)(1), and is in fact a Motion to Dismiss. The Court will therefore treat it as such.

JUL 20 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD Jul 20, 2001
DEPUTY CLERK

While the state lawsuit was pending, Great American invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and instituted this lawsuit. Great American seeks a declaratory judgment to resolve its rights, duties, and responsibilities for the Garners' counterclaims under Brantner's insurance policy. Primarily, Great American asks the Court to declare that it is not bound to pay Brantner for punitive damages awarded against him. (Pl.'s Opp'n Mem. at 3.)

At the time Great American filed its lawsuit, the Garners were seeking damages in state court of more than $800,000 from Brantner. After the instant suit was filed, the underlying case went to trial, and judgment was ultimately entered against Brantner for $50,819, of which $50,000 was punitive damages. (See Ilvedson Aff. Ex. 1.)

**DISCUSSION**

Because Defendants question the Court's jurisdiction over this matter, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884,891 (3d Cir. 1977)). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

Brantner claims that, because the judgment in the underlying litigation is less than $75,000, the amount in controversy does not meet the limits set by § 1332, and that therefore

this Court does not have subject matter jurisdiction.[2] Great American responds that the amount in controversy is judged as of the time the Complaint was filed, and thus it is of no moment that the amount in controversy is less than § 1332 requires. Great American is correct that, in the usual case, the Court looks only to the amount in controversy at the time the Complaint was filed to ensure that § 1332's requirements are met. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith."). This, however, is not the usual case.

When Great American filed its Complaint on May 7, 2001, there was no judgment from which Brantner could seek indemnification from Great American. Thus, at the time of the filing of the Complaint, Great American's claims were not ripe. Nevertheless, the Court will not dismiss Great American's Complaint on that ground because the Supreme Court has held that intervening events may make unripe claims ripe. See Regional Rail Reorganization Act Cases, 419 U.S. 102, 139-40 (1974); see also 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3532.1 at 136 & n.39 (1984 & Supp. 2001). In this case, intervening events, namely the entry of a judgment including punitive damages against Brantner, have rendered Great American's claims ripe.

---

[2] Brantner also asks the Court to dismiss the Complaint because Agricultural Insurance Company, and not Great American, is the real party in interest. Because the Court disposes of the case on other grounds, it need not reach this alternative basis for dismissal.

At the time Great American's claims became ripe, however, the amount in controversy was $50,819, below the statutorily mandated amount in controversy. Fundamental fairness requires that the amount in controversy must be determined not as of the time the clearly unripe claims were filed, but as of the time those claims became ripe. Federal courts do not exist to hear lawsuits in which injury to the plaintiff is purely speculative. See U.S. Const. Art. III, § 2 (limiting federal courts' jurisdiction to "Cases" or "Controversies"). In this case, if Brantner had prevailed in the underlying litigation, the Court assumes that Great American would have dismissed its Complaint because there would be no dispute to litigate. Great American should have waited until its claims became ripe to file its lawsuit. Because it did not, the Court will hold Great American to the amount in controversy at the time its claims ripened. That amount does not meet the jurisdictional minimum of § 1332, and the Complaint must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Clerk Doc. No. 4) is **GRANTED**, and the Complaint is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500